UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANPOLIS DIVISION

| | |
|---|---|
| JOSEPH KEHRT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 1:19-cv-75 |
| vs ) | |
| ) | |
| INLINE PAINTING LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Joseph Kehrt ("Kehrt" or "Plaintiff"), by counsel, Ashley D. Marks, brings this action against Defendant, Inline Painting, LLC ("Inline" or "Defendant"), and shows as follows:

**I. OVERVIEW**

1. Defendant failed to pay Kehrt in accordance with the minimum wage and overtime requirements of the Fair Labor Standards Act ("FLSA"), as well as the wage requirements under the Indiana Minimum Wage Law ("IMWL"), Indiana Code § 22-2-2 *et. seq*.

2. Specifically, Defendant failed to pay Kehrt for all hours he worked, including regular hours and overtime hours in excess of 40 per workweek.

## II. PARTIES

3. Plaintiff is an individual who resides in Indianapolis, Indiana. Defendant employed Plaintiff within the meaning of the FLSA within the three year period preceding the filing of this Complaint.

4. Plaintiff was an employee as defined by Indiana Code § 22-2-2-3, and as required by 29 U.S.C. § 207, within the three year period preceding the filing of this Complaint.

5. Defendant is an Indiana corporation located in Indianapolis, Indiana. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and as that term is defined by Indiana Code § 22-2-2-3. Defendant acted, directly or indirectly, in the interest of an employer with respect to Kehrt.

## III. JURISDICTION

6. This Court has jurisdiction over Defendant because Kehrt has asserted a claim arising under federal law. This Court has supplemental jurisdiction over Kehrt's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## IV. VENUE

7. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## V. COVERAGE

8. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had

employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.

## VI. FACTS

9. Defendant employed Kehrt as a painter from approximately March 3, 2010, through April 20, 2018.

10. At the time of his termination, Defendant had set Kehrt's rate of pay at $16.50 per hour.

11. Kehrt was regularly directed to report first to the main shop for instructions regarding which job site he would work at for the day.

12. Kehrt regularly helped load the work trucks for the day before leaving for the job sites.

13. Kehrt was directed not to clock in until he arrived at the job site.

14. Kehrt was directed to clock out at the job site before leaving.

15. Kehrt was regularly driven back to the main shop at the end of the workday and helped upload the work trucks.

16. Kehrt regularly worked in excess of 40 hours in a workweek.

17. During weeks Kehrt did not exceed 40 hours in a workweek, he regularly completed hours of work which he did not receive pay for.

18. Defendant did not pay Kehrt regular and overtime wages for all hours worked.

19. Kehrt's primary work duties as a painter did not qualify him as exempt from the overtime provisions of the FLSA or the IMWL.

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

20. Plaintiff hereby incorporates paragraphs 1-19 of this Complaint by reference as if fully set forth here.

21. During the relevant time period, Defendant violated the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing Kehrt for workweeks longer than 40 hours without compensating him for his employment in excess of 40 hours per week at rates no less than one and one-half times the regular rates for which he was employed. Defendant has also violated the provisions of 29 U.S.C. §§206 by failing to comply with the minimum wage requirements of the FLSA.

22. Defendant acted willfully in failing to pay Kehrt in accordance with the law.

### COUNT II: FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE INDIANA MINIMUM WAGE LAW OF 1965

23. Plaintiff hereby incorporates paragraphs 1-19 of this Complaint by reference as if fully set forth here.

24. During the relevant time period, Defendant violated the provisions of the IMWL, Indiana Code § 22-2-2 *et. seq*, by failing to pay Kehrt minimum wages at the rate required by the IMWL for all the hours he worked.

25. Defendant acted willfully in failing to pay Kehrt in accordance with the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff.

b. An Order pursuant to Indiana Code §§22-2-5 *et. Seq*. finding Defendant liable for unpaid back wages due to Plaintiff, plus statutory liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff his attorney's fees;

e. An Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by the law; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

 /s/ Ashley D. Marks
Ashley D. Marks
CHARLES D. HANKEY LAW OFFICE, PC
434 E. New York Street
Indianapolis, IN  46202
(317) 634-8565
(317) 634-9818
adm@hankeylaw.com